UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEJUAN ANTWAN JONES,  )<br>      Plaintiff,  )<br> )<br>      v.  )<br> )<br>MARTIN O'MALLEY, Commissioner  )<br>of the Social Security Administration,  )<br>      Defendant.  ) | CAUSE NO.: 1:23-CV-448-JEM |

**OPINION AND ORDER**

This matter is before the Court on a letter [DE 16] from Plaintiff Kejuan Jones, who is proceeding without counsel, received by the Court on February 23, 2024. Plaintiff asserts that his Complaint was timely filed and argues that it should not have been dismissed, thereby requesting relief from the Court's January 18, 2024, Order.

**I.    Background**

On May 1, 2023, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim benefits. Plaintiff filed a request for review of the decision. On August 9, 2023, the Appeals Counsel sent a notice of its action denying Plaintiff's request for review. The notice also informed him that he had 60 days after receipt of the letter to file a civil action, and that the Council assumes that he receives it within five days of it being mailed, absent his showing otherwise. [DE 12-2]. The instant action was instituted on October 23, 2023, by Plaintiff. The envelope containing the Complaint bears a Fort Wayne, Indiana postmark dated Saturday, October 21, 2023.

On December 19, 2023, the Commissioner file a motion to dismiss arguing that the case was not timely filed. Plaintiff did not file a response. The Court concluded that Plaintiff's action should have been instituted by October 13, 2023, in order to be considered timely filed. Since it was not, and Plaintiff did not argue that the time period should be tolled, the case was dismissed.

On February 23, 2024, the Court received the instant letter from Plaintiff that it is construing as a motion for relief from judgment. On March 8, 2024, the Commissioner filed a response, and on March 18, 2024, the Court received a reply from Plaintiff, dated March 15, 2024.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.    Analysis**

The Court construes Plaintiff's argument as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Rule 60 provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" under certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b). Motions to reconsider do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp.*, 49 F.3d at 1267); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996)

2

("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee,* 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)).

Plaintiff, who did not respond to the motion to dismiss, now argues that the date of the Complaint is incorrect and that his submission to the Court was not untimely. The Social Security Act provides a strict limitation period:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). In addition, 20 C.F.R. § 422.210(c), entitled "Time for instituting civil action," provides, in pertinent part, that "the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). "The 60-day requirement is not jurisdictional, but constitutes a

period of limitations that may be tolled by the Commissioner or the Court if fairness demands." *Chamberlain v. Colvin*, 2016 WL 2609578, at *2 (N.D. Ind. May 5, 2016) (*citing Bowen v. City of New York*, 476 U.S. 467, 479-81 (1986); *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990); *Sanchez ex rel. Sanchez v. Barnhart, No*. 03-C-537-C, 2004 WL 1005589, at *2 (W.D. Wis. May 4, 2004)).

In this case, the Appeals Court sent its notice of its action on August 9, 2023, so any timely district court action should have been instituted within 65 days, or by October 13, 2023. Plaintiff argues that the date on the envelope containing his Complaint "is the 2nd part of the paperwork" submitted as proof of income, rather than his initiating submission to the Court. He includes an envelope with a postmark of October 11, 2023, along with a letter from the Clerk of Court dated October 13, 2023. The letter to Plaintiff explains that paperwork was received from Plaintiff but the documents were being returned unfiled, and asks Plaintiff to "advise if you wish to start a civil case. No civil complaint was received, and you have no case in our court." [DE 16-2]. Plaintiff was also provided with a civil complaint form and a social security complaint form.

The Court construes Plaintiff's letter and the attached documents as a request that Plaintiff's Complaint be deemed timely due to equitable tolling. However, equitable tolling "is available only where the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside his control and through no fault of his own. Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (declining to apply equitable tolling where a pro se litigant made a mistake) (citing *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir.2004); *Williams v. Sims*, 390 F.3d 958, 960, 963 (7th Cir.2004)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)

4

("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.") (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Plaintiff appears to be arguing that he tried to file a case before the applicable statute of limitations expired but was confused about the proper forms to file. The Court notes that Plaintiff did not make these arguments in response to the Commissioner's motion to dismiss, and they are not newly discovery evidence or new arguments that could not have been made at that time. Fed. R. Civ. P. 60(b). In addition, "permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of 'no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers.'" *Arrieta*, 461 F.3d at 867 (quoting *Williams*, 390 F.3d at 963; citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2001)). The social security complaint form is on the Court's website along with other court forms, including the application to proceed without prepaying fees that was apparently contained in Plaintiff's October 11, 2023, submission. In addition, if Plaintiff was confused about which forms to file, he could have gone in person to the courthouse, as he apparently did to submit some of his later filings, and the Clerk's Office staff could have provided physical copies of the appropriate forms to Plaintiff. Plaintiff's initial attempt to institute a suit, unaccompanied by a complaint, is not the sort of extraordinary circumstance outside the control of Plaintiff that makes equitable tolling available. Dismissal of the case was appropriate and the Court declines to reconsider its previous decision.

### III. Conclusion

For the foregoing reasons, the Court hereby **DENIES** the request for relief from judgment [DE 16] and **REAFFIRMS** its Order [DE 13] granting the Commissioner's Motion to Dismiss.

So ORDERED this 20th day of March, 2024.

                                                    s/ John E. Martin  
                                                    MAGISTRATE JUDGE JOHN E. MARTIN  
                                                    UNITED STATES DISTRICT COURT

cc:    All counsel of record  
       Plaintiff, *pro se*